UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-21049-JAL

ARA NAHAPETIAN,                         )
                                        )
            Plaintiff,                  )
                                        )
                                        )
v.                                      )
                                        )
BAPTIST HOSPITAL OF MIAMI, INC., a      )
Florida Corporation and BAPTIST         )
HEALTH SOUTH FLORIDA, INC., a           )
Florida corporation                     )
                                        )
            Defendants.                 )

---

**DEFENDANTS BAPTIST HOSPITAL OF MIAMI, INC. AND
BAPTIST HEALTH SOUTH FLORIDA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, BAPTIST HOSPITAL OF MIAMI, INC.[1] and BAPTIST HEALTH SOUTH FLORIDA, INC. ("Defendants") by and through their undersigned counsel, for their answer to the consecutively numbered paragraphs of Plaintiff's Complaint hereby:

**ANSWERING AS TO "COMMON ALLEGATIONS"**

1. Admit in response to the allegations in paragraph 1 of the Complaint that Plaintiff purports to allege a definition under the Florida Human Rights Act of 1977, as amended, Fla.Stat. ch. 760 et seq. ("Florida Civil Rights Act") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Civil Rights Act of 1964") but denies Plaintiff is entitled to any relief from Defendants and further states that Paragraph 1 of the Complaint calls for a legal conclusion to which no response is required.

---

[1] Defendants note that Baptist Hospital of Miami, Inc. was not Plaintiff's employer and therefore, all allegations in the Complaint which pertain to Baptist Hospital of Miami, Inc. are hereby denied.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.     Deny the allegations set forth in Paragraph 3 of the Complaint except admit that Baptist Hospital Of Miami, Inc. is a Florida Not for Profit corporation with its place of business in Miami-Dade County.

4.     Deny the allegations set forth in Paragraph 4 of the Complaint except admit that Baptist Health South Florida, Inc. is a Florida Not for Profit corporation with its place of business in Miami-Dade County, Florida.

5.     Deny the allegations set forth in Paragraph 5 of the Complaint, except admit that Plaintiff was employed by Baptist Health South Florida, Inc.

6.     Admit, in response to the allegations in paragraph 6 of the Complaint that Plaintiff purports to allege a definition from the Florida Civil Rights Act and the Civil Rights Act of 1964 but denies Plaintiff is entitled to any relief from Defendants and further states that Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required.

7.     Admit that Plaintiff was employed by Baptist Health South Florida, Inc., except deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint.

8.     Admit that Plaintiff was employed by Baptist Health South Florida, Inc. in Miami-Dade County, Florida but aver that remaining allegations in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

## ANSWERING AS TO "FACTS"

11. Admit that Plaintiff was employed by Baptist Health South Florida, Inc. as a Project Manager in the Construction Department from January 22, 2007 until he was terminated on or about March 21, 2011 for poor performance.

12. Deny the allegations in Paragraph 12 of the Complaint.

13. Admit the allegations in Paragraph 13 of the Complaint.

14. Admit the allegations in Paragraph 14 of the Complaint.

15. Deny the allegations in Paragraph 15 of the Complaint.

16. Admit that the Florida Civil Rights Act prohibits unlawful discrimination but deny that Defendants violated the statute.

17. Deny the allegations in Paragraph 17 of the Complaint.

18. Deny the allegations in Paragraph 18 of the Complaint.

## ANSWERING AS TO "COUNT I - THE FLORIDA CIVIL RIGHTS ACT"

19. Repeat and re-allege the responses in Paragraphs 1-18 above as if fully set forth here again.

20. Admit that Plaintiff purports to brings this action pursuant to the Florida Civil Rights Act, except deny that any violations of the statute occurred or that Plaintiff is entitled to any relief.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Deny the allegations in Paragraph 22 of the Complaint.

23. Deny the allegations in Paragraph 23 of the Complaint.

24. Deny the allegations in Paragraph 24 of the Complaint.

25. Deny the allegations in Paragraph 25 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 25 of the Complaint, Defendants deny that Plaintiff is entitled to any of the relief sought therein.

## ANSWERING AS TO
## "COUNT II – THE CIVIL RIGHTS ACT OF 1964"

26. Repeat and re-allege the responses in Paragraphs 1-18 above as if fully set forth here again.

27. Admit that Plaintiff purports to brings this action pursuant to Title VII of the Civil Rights Act of 1964, except deny that any violations of the statute occurred or that Plaintiff is entitled to any relief.

28. State that Paragraph 28 of the Complaint calls for a legal conclusion to which no response is required.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30. Deny the allegations in Paragraph 30 of the Complaint.

31. Deny the allegations in Paragraph 31 of the Complaint.

32. Deny the allegations in Paragraph 32 of the Complaint.

33. Deny the allegations in Paragraph 33 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 33 of the Complaint, Defendants deny that Plaintiff is entitled to any of the relief sought therein.

## ANSWERING AS TO
## "DEMAND FOR JURY TRIAL"

Defendants admit that Plaintiff demands a trial by jury, except deny that there are any issues so triable.

## STATEMENT OF AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

35. Plaintiff has failed to comply with all administrative requirements or jurisdictional prerequisites to bringing all claims made in the Complaint.

36. Plaintiff's damages, if any, must be reduced, in whole or in part, because Plaintiff failed to take reasonable steps to mitigate his damages.

37. Plaintiff's claims for discrimination fail and/or his recovery of damages is limited because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to otherwise avoid harm.

38. Defendants have made good faith efforts to prevent discrimination in the workplace and thus cannot be liable for the decision(s) of their agents, or for punitive damages, to the extent the challenged employment decisions were contrary to their efforts to comply with anti-discrimination statutes.

39. Plaintiff's claims for damages are barred, or limited, to the extent Defendants can show Plaintiff engaged in misconduct prior to, during, or in connection with his employment, that otherwise would have resulted in his discharge if such conduct were then known to Defendants.

40. Plaintiff's claims of discrimination are barred on the grounds that even if any decisions concerning Plaintiff were based in part on his race or national origin, which they were not, Defendants would have reached the same decision absent any consideration of Plaintiff's race or national origin.

41. There were legitimate, non-discriminatory reasons for all employment decisions made by Defendants regarding Plaintiff. Plaintiff's race or national origin were not a motivating, determining or substantial factor in any of Defendants' employment decisions as to Plaintiff.

WHEREFORE, having fully answered the Complaint and having raised defenses hereto, Defendants respectfully request that this Court:

(a) dismiss Plaintiff's Complaint with prejudice;

(b) deny Plaintiff's demands and prayer for relief;

(c) award Defendants their costs and reasonable attorney's fees incurred in defense of this action; and

(d) grant such other and further relief as the Court deems just and proper.

CASE NO. 1:13-cv-21049-JAL

Dated: April 1, 2013.

Respectfully submitted,

By: s/Thomas Mead Santoro
Thomas Mead Santoro, Esq.
FL Bar No. 829722
E-mail: *santorot@jacksonlewis.com*
Jason D. Berkowitz, Esq.
FL Bar No. 0055414
E-Mail: *berkowitzj@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower
2 S. Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
*Attorneys for Defendants*
BAPTIST HOSPITAL OF MIAMI, INC. and
HEALTH SOUTH FLORIDA, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April 2013, I electronically filed the foregoing with the Clerk by using the CM/ECF system with delivery by CM/ECF to all counsel of record listed on the attached Service List.

s/Thomas Mead Santoro
Thomas Mead Santoro, Esq.

7

CASE NO. 1:13-cv-21049-JAL

## SERVICE LIST

Jose Antonio Llerena, Esq.
E-mail: *jal@flabusinesslawyers.com*
JOSE ANTONIO LLERENA, P.A.
300 Aragon Avenue, Suite 255
Coral Gables, Florida 33134
*Attorney for Plaintiff*

Thomas Mead Santoro, Esq.
E-mail: *santorot@jacksonlewis.com*
Jason D. Berkowitz, Esq.
E-Mail: *berkowitzj@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower
2 S. Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
*Attorneys for Defendants*